**Ronald PATTERSON,
Plaintiff–Appellant,**

v.

**INTERCOAST MANAGEMENT OF HARTFORD, INC. and Parkview Hotel Associates, Defendants–Appellees.**

**No. 1276, Docket 89–9048.**

United States Court of Appeals, Second Circuit.

Argued May 8, 1990.

Decided Oct. 31, 1990.

Jon Bauer, Hartford, Conn. (argued by Ellen Keane Rutt, Law Student Intern, Scott P. Myers, Law Student Intern, on the brief), for plaintiff-appellant.

Joseph H. Rosenthal, New York City (Jacqueline I. Meyer, Bondy & Schloss, New York City, of counsel), for defendants-appellees.

Before ALTIMARI and MAHONEY, Circuit Judges, and CARTER, District Judge.*

ALTIMARI, Circuit Judge:

Plaintiff-appellant Ronald Patterson appeals from a judgment, entered in the United States District Court for the District of Connecticut (Alan H. Nevas, Judge), dismissing his complaint pursuant to Fed.R. Civ.P. 12(b)(6). The complaint alleged that defendants-appellees Intercoast Management of Hartford, Inc. and Parkview Hotel Associates Limited Partnership (collectively, "Intercoast") discriminated against him on the basis of his race, in violation of 42

---

* The Honorable Robert L. Carter, United States District Judge for the Southern District of New York, sitting by designation.

U.S.C. § 1981 (1988). The district court dismissed Patterson's complaint on the ground that his claim of discrimination in the performance and termination of an employment contract was foreclosed by *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).

On appeal, plaintiff-appellant Patterson contends that the district court erred in dismissing his complaint. Specifically, Patterson argues that: (1) the Supreme Court's decision in *Patterson* does not foreclose section 1981 actions for discriminatory contract termination, and (2) his complaint should be construed to allege the inclusion of covertly discriminatory terms in the contract.

For the reasons set forth below, the judgment of the district court is affirmed.

## BACKGROUND

Plaintiff-appellant Ronald Patterson, who is black, commenced employment at the Parkview Hilton Hotel in Hartford, Connecticut in December 1976. Patterson held a variety of jobs at the hotel and, in 1984, was promoted to "cashier/order taker" in the room service division. On October 1, 1986, Patterson was discharged from this position on the ground of tardiness. He claims that his discharge was not racially neutral since "tardiness by a white worker was not cause to terminate employment in the past." Amended Complaint at 3.

On March 30, 1988, Patterson was reinstated to his prior position, but was not given back pay or full vacation pay. He was also denied the opportunity to select his work shift, a privilege normally accorded hotel employees on the basis of seniority. Patterson alleges that this denial of shift preference is discriminatory.

Patterson, appearing *pro se*, initiated the underlying action on September 30, 1988. Shortly thereafter, Intercoast moved to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b)(2), on the ground that the named defendant was not a legal entity with capacity to be sued. In the alternative, Intercoast moved to dismiss paragraph 3 of Patterson's original complaint, pursuant to Fed.R.Civ.P. 12(b)(6), on the ground that it was not asserted within the applicable statute of limitations. The district court granted Patterson's request for appointment of counsel to represent him and granted Patterson an extension of time to respond to Intercoast's motion to dismiss in order to allow appointed counsel to adequately prepare. While Intercoast's motion was pending, the Supreme Court rendered its decision in *Patterson*. Accordingly, the district court requested that the parties address the impact of *Patterson* on the present case. Both parties submitted a memorandum of law analyzing the effect of *Patterson* on the present section 1981 action. Upon careful consideration of the parties' memoranda, the district court dismissed Patterson's complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). This appeal followed.

## DISCUSSION

Section 1981, in pertinent part, states: "[a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens...." 42 U.S.C. § 1981 (1988). Interpreting this language, the Supreme Court has concluded that section 1981 is not "a general proscription of racial discrimination in all aspects of contract relations, for it expressly prohibits discrimination only in the making and enforcement of contracts." *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 2372, 105 L.Ed.2d 132 (1989). "[T]he right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Id.*

 Plaintiff-appellant Ronald Patterson concedes that, in light of *Patterson*, his claim concerning Intercoast's denial of his work shift preference is not actionable under section 1981. However, Patterson contends that his section 1981 claim alleging that the 1986 discharge was racially moti-

vated is not foreclosed by the *Patterson* decision. We disagree.

Discharge from employment involves neither the making nor the enforcement of a contract, but rather conduct subsequent to the formation of the contract. Accordingly, as this Court has previously concluded, an allegedly discriminatory termination of a contract is not actionable under section 1981. *Gonzalez v. The Home Ins. Co.*, 909 F.2d 716, 722 (2d Cir.1990); *see also Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 849 (9th Cir. 1990) (discriminatory termination not actionable under section 1981); *Lavender v. V & B Transmissions & Auto Repair*, 897 F.2d 805, 807–08 (5th Cir.1990) (same). *But see Hicks v. Brown Group, Inc.*, 902 F.2d 630, 635–48 (8th Cir.1990) (section 1981 action for termination survives *Patterson*). Therefore, the district court's dismissal of Patterson's action for discriminatory termination of his employment contract was proper.

■ Patterson contends, in the alternative, that his complaint should be construed to allege racial discrimination in the formation of his employment contract. He asserts that this claim comports with *Patterson*'s focus on "whether the employer, *at the time of the formation of the contract*, in fact intentionally refused to enter into a contract with the employee on racially neutral terms." *Patterson*, 109 S.Ct. at 2376–77 (emphasis in original). However, Patterson fails to support his claim with evidence of a divergence between the terms of his contract with Intercoast and the terms of contracts entered into between Intercoast and its white employees. Rather, Patterson suggests that Intercoast requires "all employees to sign identically worded contracts without revealing that the employer intends to apply a contractual term ... differently to black employees than to white employees." Appellant's Brief at 20. When previously confronted with a claim of "covertly discriminatory terms," we concluded that, in the wake of *Patterson*, the availability of section 1981 to redress such claims is dubious. *See Gonzalez*, 909 F.2d at 721. In the absence of divergent contract terms, *Patterson* does not appear to permit evidence of racial discrimination in the performance of a contract to prove that a defendant "had no intention of honoring the terms [of a contract] in a racially neutral manner." *Id.* at 722. According to *Patterson:*

[R]acial harassment may be used as evidence that a divergence in the *explicit* terms of particular contracts is explained by racial animus. Thus, for example, if a potential employee is offered (and accepts) a contract to do a job for less money than others doing like work, evidence of racial harassment in the workplace may show that the employer, at the time of formation, was unwilling to enter into a non-discriminatory contract.

*Patterson*, 109 S.Ct. at 2376 (emphasis added) (footnote omitted). In the present case, Patterson concedes that his contract with Intercoast contains the same terms as contracts entered between Intercoast and its white employees. While Patterson attempts to construe his complaint to conform with *Patterson*, his claim actually concerns racial harassment in the performance of the contract. In other words, Patterson hopes "to bootstrap a challenge to the conditions of employment (actionable, if at all, under Title VII) into a claim under § 1981 that the employer refused to offer the petitioner the 'same right to ... make' a contract." *Id.* at 2377. However, his claim runs afoul of the Supreme Court's teaching that section 1981's protection of the right to make contracts "extends only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment." *Id.* at 2372. Accordingly, Patterson's proposed alternative rationale for maintaining his section 1981 action must fail. The district court properly dismissed Patterson's claim against Intercoast.

## CONCLUSION

We have examined each of Patterson's remaining arguments and find them to be without merit. In light of the foregoing, we affirm the judgment of the district court.

ROBERT L. CARTER, District Judge:

Without joining in the opinion of the majority, I concur in the result.