Manuel F. NUNEZ, Plaintiff-Appellant,

v.

FIRST UNION NATIONAL BANK OF FLORIDA, Defendant-Appellee.

No. 92–4651.

United States Court of Appeals, Eleventh Circuit.

July 28, 1993.

---

Talbot W. Trammell, Coral Gables, FL, for plaintiff-appellant.

Richard Thomas Woulfe, Bunnell, Woulfe & Keller, P.A., Ft. Lauderdale, FL, J. Thomas Kilpatrick, and Paul R. Beshears, Smith Currie & Hancock, Atlanta, GA, for defendant-appellee.

Before TJOFLAT, Chief Judge, CARNES, Circuit Judge, and BRIGHT *, Senior Circuit Judge.

BRIGHT, Senior Circuit Judge:

Manuel F. Nunez appeals from the district court's grant of summary judgment on his employment discrimination complaint filed under 42 U.S.C. § 1981. He contends the district court erred in finding the promotion he was denied would not have amounted to a new and distinct contractual relationship under *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). He further contends the district court erred in granting summary judgment on his pendant state fraudulent concealment claim. We reverse and remand on the § 1981 issue and affirm on the state law claim.

I.

Nunez worked for the Florida National Bank of Miami [Florida National] for twenty-four years. He began in 1966 as a teller and worked his way through the system, becoming a manager in 1978 and in 1984 becoming a Cluster Manager with responsibility for four branch banks. In 1985, Nunez won a Manager of the Year award, and in November of that year was promoted to Vice President and Branch Manager IV of the Coral Gables branch, with roughly $140 million in loans and deposits. During his time at Coral Gables, branch deposits increased to about $165 million.

In June of 1988, Nunez was transferred to the Brickell branch, with approximately $21 million in loans and deposits. His numerical designation of Branch Manager IV, the highest bank manager designation, did not change.

In March of 1989, Florida National announced plans to merge with First Union National Bank of Florida [First Union]. As part of the merger, the new bank planned to close the Brickell branch, and in September of 1989, Nunez became the manager of the Hialeah branch, which also had about $20 million in loans and deposits. In a letter, First Union advised him that his title of Vice President and his compensation level would be unchanged and that his position would be designated as Bank Manager II. In the First Union system, numerical designations are based solely on the size of the loans and deposits of the bank managed by the employee, and a level II designation would qualify

* Honorable Myron H. Bright, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

Nunez to manage banks with loans and deposits up to $30 million.

The banks completed the merger in January of 1990. In July of 1990, First Union promoted Antonio Junior, an African–American, to the position of Assistant Consumer Bank Manager II, a title seven levels above Bank Manager II in the First Union system and fifteen salary steps higher. The position involved the supervision of four branch banks. Nunez was not aware of the opening until after it became filled.

After the merger, First Union proceeded to cut expenses and eliminate some positions. On February 6, 1991, Nunez was informed his position would be eliminated. He accepted a lump sum severance pay option.

On June 28, 1991, Nunez filed a two-count complaint. The first count alleged First Union intentionally discriminated against him on the basis of race (Nunez is Hispanic) in violation of 42 U.S.C. § 1981 in assigning his initial job classification, in hiring him with the intention of discharging him because of a "glass ceiling" for Hispanics at First Union, and in failing to promote him. The second count, a pendant state law claim, alleged fraudulent concealment under Florida law for inducing Nunez to enter into an employment contract when First Union had the intention of subsequently firing him because of race. After discovery, First Union moved on April 20, 1992 for summary judgment. At oral argument, Nunez withdrew his allegation under § 1981 that First Union discriminatorily assigned him his initial job classification. The district court granted summary judgment on the remainder of the § 1981 claim and on the state law claim. Nunez filed this timely appeal.

## II.

■ We review the district court's grant of summary judgment *de novo*, affirming only in the absence of a genuine dispute over any material fact. *Real Estate Financing v.* *Resolution Trust Corp.*, 950 F.2d 1540, 1543 (11th Cir.1992).

■ On appeal, Nunez argues the district court erred in granting summary judgment on his § 1981 claim and in finding that the promotion Nunez was denied, from Bank Manager II to Assistant Consumer Bank Manager II, would not have constituted a new and distinct contractual relationship as required by *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). In *Patterson*, the Supreme Court clarified the scope of § 1981, holding it covers only conduct at contract formation and conduct impairing the right to enforce contracts. *Id.* at 179, 109 S.Ct. at 2374. It does not cover conduct during the performance of the contract, but prohibits only a racially discriminatory refusal to contract or the offer of contracting only on discriminatory terms. *Id.* at 176–77, 109 S.Ct. at 2372–73.

■ For a promotion to encompass a new contract for purposes of § 1981, it must entail a new and distinct employment relationship. *Wall v. Trust Co. of Georgia*, 946 F.2d 805, 808 (11th Cir.1991). Nunez contends the move from Bank Manager II to Assistant Consumer Bank Manager II constituted a new relationship with First Union. He states that in the new position he would have been responsible for four other branches as well as his own and would have received significant increases in title and salary.

In our view, Nunez alleges facts that could constitute such a changed relationship. As there is a material dispute over the material facts of the nature of the new job, the granting of summary judgment was inappropriate. We reverse the district court and remand for further proceedings on the § 1981 claim.[1]

## III.

■ Nunez further contends the district court erred in granting summary judgment

---

1. Nunez also contends the district court erred in granting summary judgment on his § 1981 intent to discharge claim. Because the district court accurately noted the absence of a factual dispute over discriminatory conduct *at the time of con-* *tract formation,* we affirm the grant of summary judgment on this issue. *See Patterson v. Intercoast Management of Hartford, Inc.*, 918 F.2d 12, 14 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1686, 114 L.Ed.2d 81 (1991).

on his pendant state law fraudulent concealment claim. The record, however, fails to show he presented any direct evidence showing First Union knowingly made a false statement regarding a material fact at the time of contract formation. Here, we believe the district court correctly granted the motion for summary judgment.

We thus AFFIRM the grant of summary judgment on the fraudulent concealment claim, but REVERSE and REMAND the § 1981 claim for further proceedings consistent with this opinion.